```
              IN THE UNITED STATES DISTRICT COURT
            FOR THE WESTERN DISTRICT OF TENNESSEE
                         WESTERN DIVISION
```

| | |
|---|---|
| ONE STOCKDUQ HOLDINGS, LLC, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | 2:12-cv-03037-JPM-tmp |
| ) | |
| BECTON, DICKINSON AND COMPANY, ) | |
| ) | |
| Defendant. ) | |

**ORDER GRANTING DEFENDANT'S MOTION TO STAY**

Before the Court is Defendant's Motion To Stay Discovery and Automatic Deadlines Under the Local Patent Rules, filed January 30, 2013.  (ECF No. 16.)  For the following reasons, the Motion is GRANTED.

"The decision whether to grant a stay of a particular action is within the inherent power of the Court and is discretionary."  Ellis v. Merck & Co., Inc., 06-1005-T/AN, 2006 WL 448694 (W.D. Tenn. Feb. 19, 2006).  The Court is tasked with "control[ling] the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants."  Gray v. Bush, 628 F.3d 779, 786 (6th Cir. 2010) (quoting Landis v. North Am. Co., 299 U.S. 248, 254 (1936)) (internal quotation marks omitted).  Applying this power in a recent patent case, the United States Court of Appeals for the

Federal Circuit directed the litigants to file a motion to stay proceedings and for the district court to decide the motion to stay and a pending motion to transfer venue "before proceeding to any motion on the merits of the action."  In re Fusion-IO, Inc., 489 Fed. App'x 465, 465 (Fed. Cir. 2012).

The instant case presents a similar set of circumstances. Plaintiff One StockDuq Holdings, LLC, filed a patent-infringement action against Defendant on December 3, 2012.  (ECF No. 1.)  Defendant filed its Answer (ECF No. 13) and a Motion to Change Venue to the United States District Court for the District of Utah (ECF No. 14) on January 23, 2013.  Discovery will soon commence as Defendant's Non-Infringement Contentions are due under the Local Patent Rules by February 27, 2013.  See LPR 3.1, 3.3.  Staying the proceedings — including the Local Patent Rule disclosures and fact discovery — will allow the Court to properly decide the pending Motion to Change Venue in light of judicial economy and comity.  See McDonnell Douglas Corp. v. Polin, 429 F.2d 30, 31 (3d Cir. 1970) ("Judicial economy requires that another district court should not burden itself with the merits of the action until it is decided that a transfer should be effected . . . .").

Therefore, the Court orders that all proceedings — including Local Patent Rule disclosures and fact discovery — are

2

hereby stayed pending the outcome of Defendant's Motion To Change Venue and further Order by the Court.

    **SO ORDERED** this 13th day of February, 2013.

                                                  s/ Jon P. McCalla_____
                                                  JON P. McCALLA
                                                  CHIEF U.S. DISTRICT JUDGE