*UNITED STATES DISTRICT COURT*
*WESTERN DISTRICT OF TENNESSEE*
*Western Division*
*Office of the Clerk*

| | |
|---|---|
| *Thomas M. Gould, Clerk* | *Deputy-in-Charge* |
| *242 Federal Building* | *U.S. Courthouse, Room 262* |
| *167 N. Main Street* | *111 South Highland Avenue* |
| *Memphis, Tennessee 38103* | *Jackson, Tennessee 38301* |
| *(901) 495-1200* | *(731) 421-9200* |

# NOTICE OF SETTING
### Before Judge Jon Phipps McCalla, Chief United States District Judge

**June 24, 2013**

    **RE:**     **2:12-cv-03037-JPM**
              **One StockDuq Holdings, Inc. v. Becton, Dickinson & Co.**

**Dear Sir/Madam:**

A **JURY TRIAL** has been **SET** before **Chief Judge Jon Phipps McCalla** on **MONDAY, AUGUST 4, 2014** at **9:30 A.M. in Courtroom 1, 11th floor of the Federal Building, Memphis, Tennessee.**

A **PRETRIAL CONFERENCE** will be held on **FRIDAY, JULY 25, 2014** at **9:00 A.M. in Courtroom 1, 11th floor of the Federal Building, Memphis, Tennessee.**

A **PROPOSED JOINT PRETRIAL ORDER** must be furnished to the Court by **4:30 P.M.** on **JULY 18, 2014. Please see attached instructions.**

    If you have any questions, please contact the case manager at the telephone number or email address provided below.

                                        Sincerely,
                                        THOMAS M. GOULD, CLERK
                                        BY:     *s/Joseph P. Warren*,
                                                       Case Manager to Chief Judge Jon Phipps McCalla
                                                        901-495-1242
                                                        joseph_warren@tnwd.uscourts.gov

Attachment

# PRETRIAL PROCEDURES

Prior to the pretrial conference, counsel <u>must</u> do the following:

Complete all discovery.

Counsel are directed to confer prior to the pretrial conference to exchange information as to the ultimate issues of law and fact, to eliminate unnecessary or irrelevant issues that appear in the pleadings or discovery, to arrive at all possible stipulations, and to exchange documents and exhibits which will be offered in evidence at trial.

Counsel shall prepare a single proposed Joint Pretrial Order that covers the items set forth below. If counsel are unable to agree completely on a joint order, they shall submit a proposed joint pre-trial order including all matters agreed upon and a separate jointly prepared list specifying items of disagreement. If counsel cannot agree upon a joint pretrial order, the attorney for <u>each</u> party must submit a proposed pretrial order containing the [information below]. Plaintiff's attorney is responsible for initiating the proposed pretrial order. All counsel are responsible for ensuring the proposed pretrial order is timely filed. The proposed pretrial order shall contain the following:

(1) In the caption, a complete listing of all parties , both plaintiff and defendant, who remain in the case as of the date the joint pretrial document is filed. Do not use "et al."

(2) Any remaining jurisdictional questions and the proper rulings thereon;

(3) A list of pending motions and the proper rulings thereon;

(4) A short summary of the case that may be read to the venire at the beginning of voir dire;

(5) The respective contentions of the parties, including contentions with regard to the nature and amount of damages and with respect to liability;

(6) A comprehensive written statement of uncontested facts that may be stipulated and read to the jury(possible sources of these agreed facts are the pleadings, discovery, or admission of counsel);

(7) Contested issues of fact;

A written statement of contested issues of fact that will explain to the court the nature of the parties dispute;

(8) Contested issues of law;

A written statement of the contested issues of law. This is not to be a restatement of the disputed facts but an itemization of the legal issues such as negligence, contributory negligence, etc. This is the most important part of the joint pretrial order as these issues, not the pleadings, will govern the trial. The court wants an agreed list not a separate list for each party. If either party insists on a triable issue, it is to be listed in the pretrial order and will be a triable issue unless the court decides otherwise at the pretrial conference.

(9) A list of exhibits (except documents for impeachment only) to be offered in evidence by the parties, and to the extent possible, a stipulation on their admissibility. If the parties cannot stipulate, then the objections must be noted in the proposed pretrial order. To the extent possible, objections shall be ruled on at the pretrial conference.

The parties are expected to have complied with Federal Rules of Civil Procedure 26(a)(3)(C) on pretrial disclosures. That rule requires disclosures of witnesses, deposition testimony, and exhibits, (other than impeachment evidence), to the opposing counsel thirty days before trial. Within fourteen days thereafter, the opposing party must serve and file a list disclosing any objection, together with the grounds therefor, to the admissibility of any exhibit, deposition testimony, or witness testimony.

Before the conference, each party shall furnish to the other party for copying and inspection all exhibits which are to be offered in evidence.

(10) A list of witnesses for the parties, indicating those who will be called, in the absence of reasonable notice to opposing counsel to the contrary, and those who only <u>may</u> be called. Any objection to a witness in general must be noted in the proposed joint pretrial order. If any Rule 702 ("expert") witnesses, including treating physicians who will give expert testimony, are listed, the witness shall be identified as such, along with the subject matter of the expert testimony. Opposing counsel shall specify any objection to the witness's expertise or testimony in the proposed joint pretrial order. To the extent possible, objections will be ruled on at the pretrial conference.

(11) Deposition testimony:

If a party desires to offer deposition testimony into evidence at the trial, he shall designate only those relevant portions of same which he wishes read at trial and advise opposing counsel of same. All objections to any such testimony must be noted in the proposed joint pretrial document so that the court may rule on such objection prior to trial. To the extent possible, objections will be ruled on at the pretrial conference.

(12) An estimate of the length of trial.

(13) A statement indicating whether the case is a jury trial or non-jury trial. If it is a jury case, counsel shall file with the court, two weeks prior to the beginning of trial, copies of all proposed jury instructions (one point per page), any special questions for voir dire examination of the jury venire, and any special interrogatories or verdict forms that counsel wish to submit to the jury. Counsel shall furnish opposing counsel a copy of same. The court will conduct a general voir dire and either ask the proposed special questions of counsel at that time, or allow counsel to conduct limited voir dire.

If the case is non-jury, the parties should submit proposed findings of fact and proposed conclusions of law in place of the proposed jury instructions.

(14) The amount of the ascertainable damages. The listing of the amount of damages shall not constitute an agreement as to the recoverability of same unless so stated.

(15) A list of the names of all attorneys interested in the case and

3

copies of all interested firms' letterheads.

(16) A list of any special equipment such as video cassette recorders, overhead projectors, easels, computers, etc. that the parties intend to bring for use at the trial. (The court provides a presentation system including VGA monitors, an evidence camera, a video cassette recorder, and a video distribution system for these components. The court does not provide personal computers or laptops to counsel, however, at the Court's discretion, counsel may access the video distribution system with their own laptops to disseminate computer generated evidence.)

Any motions in limine, not covered by the objections, must be filed two weeks before the trial date. The opposing party must file a response within five days of date of service of the motion in limine.

The attorneys who will try the case are required to attend the pretrial conference. The parties are not required to attend the conference. The attorneys will be generally familiar with pretrial procedures and come to the conference with full authority to accomplish the purpose of the conference, which is to simplify and define the triable issues, expedite the trial, and save expense. At the time of the conference, counsel will report to the Court the prospects of settlement. For a discussion of pretrial conferences, see 23 Federal Rules Decisions 129-138.

If an attorney fails to appear at the pretrial conference or to comply with the directions set forth herein, an _ex_ _parte_ hearing may be held and judgment of dismissal or default or other appropriate sanctions entered.

After the pretrial conference, the Court will enter a Pretrial Order which shall govern the conduct at trial and will constitute the final statement of the issues involved.

Please take note of the requirements of Local Rule [7.3] of this Court. All parties are required to submit to the court pretrial memoranda at least 10 days prior to the date of the trial. The submission of pretrial memoranda is _not_ required in jury cases before the Honorable Jon Phipps McCalla. In a non-jury case, the pretrial memoranda must include proposed findings of fact and conclusions of law.

The procedures set forth in this letter apply to _pro_ _se_ litigants as well as attorneys.