# EXHIBIT D

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| ONE STOCKDUQ HOLDINGS, LLC,<br><br>Plaintiff,<br><br>v.<br><br>BECTON, DICKINSON AND COMPANY,<br><br>Defendant. | Case No. 2:12-cv-03037-JPM-tmp<br><br>**JURY TRIAL DEMANDED** |

**DEFENDANT BECTON, DICKINSON AND COMPANY'S IDENTIFICATION OF TERMS REQUIRING A DISPOSITION OF THE CASE IN ITS FAVOR AND/OR SUBSTANTIALLY CONDUCIVE TO PROMOTING SETTLEMENT**

Pursuant to Local Patent Rule 4.5(c), Defendant Becton, Dickinson and Company ("BD") hereby provides its identification of terms that would require a disposition of the case in its favor and/or that will be substantially conducive to settlement.

| Claim | Claim Term | Party that contends this term requires disposition of the case in its favor | Party that contends that this term is substantially conducive to promoting settlement |
|---|---|---|---|
| 22, 31 | "needle attachment body" | BD | BD |
| 22, 31 | "connected to said hub" | | |
| 22 | "diaphragm attached between said body and a proximal end of said hub" | BD | BD |

Wilmer Cutler Pickering Hale and Dorr LLP, 1875 Pennsylvania Avenue NW, Washington, DC 20006

Beijing    Berlin    Boston    Brussels    Frankfurt    London    Los Angeles    New York    Oxford    Palo Alto    Waltham    Washington

- 2 -

| Claim | Claim Term | Party that contends this term requires disposition of the case in its favor | Party that contends that this term is substantially conducive to promoting settlement |
|---|---|---|---|
| 22 | "flexible resilient diaphragm…for preventing the flow of a liquid" | | |
| 22 | "at least one fenestration on a central portion thereof which communicates with a cannula of said introducer needle and…with said hub lumen" | BD | BD |
| 31 | "diaphragm being attached to said hub to seal a proximal end of said hub lumen in a liquid tight manner" | | |
| 31 | "flexible, resilient diaphragm…for preventing a liquid…from flowing through said diaphragm beyond said hub" | | |
| 31 | "a liquid which has been introduced into said hub lumen from said catheter, external to a needle which may be penetrating said diaphragm and projecting into said hub lumen" | BD | BD |
| 31 | "at least one fenestration on a central portion thereof which communicates with a cannula of said introducer needle and with said hub lumen" | BD | BD |
| 22 | "Flexible resilient diaphragm attached between said body and a proximal end of said hub proximal to said side access port for preventing the flow of a liquid through said hub lumen past said side access port and through the proximal end of said hub external to said introducer needle cannula" | | |
| 22 | "At least one fenestration on a central portion thereof which communicates with a cannula of said introducer needle and, when said introducer needle is in said operative position, with said hub lumen" | | |

- 3 -

| Claim | Claim Term | Party that contends this term requires disposition of the case in its favor | Party that contends that this term is substantially conducive to promoting settlement |
|---|---|---|---|
| 31 | "flexible, resilient diaphragm which can be penetrated by a hypodermic needle, such as a catheter introducer needle, said diaphragm being attached to said hub to seal a proximal end of said hub lumen in a liquid tight manner for preventing a liquid which has been introduced into said hub lumen from said catheter, external to a needle which may be penetrating said diaphragm and projecting into said hub lumen, from flowing through said diaphragm beyond said hub" | | |
| 31 | "At least one fenestration on a central portion thereof which communicates with a cannula of said introducer needle and with said hub lumen and which is positioned distally of said diaphragm when said introducer needle is disposed in said operative position" | | |

**TERMS THAT REQUIRE A DISPOSITION OF THE CASE IN DEFENDANT'S FAVOR AND/OR ARE SUBSTANTIALLY CONDUCIVE TO PROMOTING SETTLEMENT**

- **"central portion":  "at least one fenestration on a central portion thereof which communicates with a cannula of said introducer needle and…with said hub lumen" (claim 22); "at least one fenestration on a central portion thereof which communicates with a cannula of said introducer needle and with said hub lumen" (claim 31)**

BD is entitled to summary judgment of non-infringement if the Court adopts its proposed claim constructions.  The "central portion" term is recited in every asserted claim and neither Insyte Autoguard BC ("IAG BC") nor Nexiva catheter placement products (together "the Accused Devices") contains a fenestration on a central portion of a needle.[1]  Although the Nexiva catheter placement products and some of the IAG BC products have a notch on the needle,[2] the notch is not in a central portion of the needle (i.e., it is not located more closely to the center of the needle than the end of the needle).  Additionally, the notch does not communicate with the catheter hub lumen when the introducer needle is disposed in the operative position, at least because the notch instead communicates with the needle and with the catheter.  Under normal use, any blood that flows from the patient, into the needle, through the notch, and into the catheter does not flow to the catheter hub when the needle is in an operative position.  Thus, if the Court agrees with BD's proposed construction, none of the Accused Devices infringe the asserted claims in this case and summary judgment in favor of BD is appropriate.

- **"needle attachment body"**

BD is entitled to partial summary judgment of non-infringement of claims 22 and any claims dependent therefrom if the Court adopts its proposed claim construction.  The Nexiva catheter placement product does not have a needle attachment body because it does not contain a

---

[1] Plaintiff One StockDuq Holdings, LLC asserts that Insyte Autoguard BC ("IAG BC") infringes independent claim 31 and that Nexiva infringes independent claims 22 and 31 of U.S. Patent No. 5,704,914.
[2] Additionally, some of the IAG BC products do not have a notch anywhere on the needle.

protective housing for the needle after it is retracted.  Further, Nexiva's needle grip is not connected to the catheter adapter.  Thus, if the Court agrees with BD's proposed construction, Nexiva, the only product accused of infringing claim 22 and its dependent claims, does not infringe those claims and summary judgment in favor of BD is appropriate.

- **"between":  "diaphragm attached between said body and a proximal end of said hub"**

BD is entitled to partial summary judgment of non-infringement of claims 22 and any claims dependent therefrom if the Court adopts its proposed claim construction.  Any seal in the Nexiva catheter placement product is not attached between the needle attachment body and a proximal end of the catheter hub, proximal to the side access port as recited in the claim.  Instead, the septum assembly is within a septum cap that is located entirely within the catheter adapter.  Thus, if the Court agrees with BD's proposed construction, Nexiva, the only product accused of infringing claim 22 and its dependent claims, does not infringe those claims and summary judgment in favor of BD is appropriate.

- **"a liquid which has been introduced into said hub lumen from said catheter, external to a needle which may be penetrating said diaphragm and projecting into said hub lumen"**

BD is entitled to partial summary judgment of non-infringement of claim 31 if the Court adopts either party's proposed claim construction.  As previously discussed, under normal use, neither of the Accused Devices allows liquid to be located in the catheter hub outside of the needle when the device is in its operative position (i.e., when the needle is penetrating the septum).  Any blood that flows from the patient, into the needle, through the notch, and into the catheter does not flow to the catheter hub when the needle is in an operative position.  Thus, under either party's construction, none of the Accused Devices infringe claim 31, and summary judgment in favor of BD is appropriate.