IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

---

ONE STOCKDUQ HOLDINGS, LLC,    )
                                        )
    Plaintiff/Counter-Defendant   )
                                        )
v.                                )   No. 2:12-cv-03037-JPM-tmp
                                        )
BECTON, DICKINSON AND COMPANY,   )
                                        )
    Defendant/Counter-Claimant.   )

---

**ORDER GRANTING DEFENDANT'S RENEWED MOTION TO STAY**

---

Before the Court is Defendant Becton, Dickinson and Company's ("Defendant") Renewed Motion to Stay Litigation Pending Inter Partes Review, filed October 4, 2013.  (ECF No. 74.)

For the following reasons, Defendant's Motion is GRANTED.

I.   BACKGROUND

This case concerns the alleged infringement by Defendant of Plaintiff One Stockduq Holdings, LLC's ("Plaintiff") patent. (See ECF No. 1.)  On December 3, 2012, Plaintiff filed a Complaint against Defendant (id.), alleging that two of Defendant's products, the Nexiva catheter and the Insyte AutoGuard catheter (the "Accused Products"), infringe United States Patent No. 5,704,914 (the "'914 patent") — an IV catheter placement assembly — owned by Plaintiff (id. ¶¶ 28-31). Defendant filed its Answer and Counterclaims on January 23, 2013

(ECF No. 13), asserting that the "claims of the '914 patent are invalid for failure to comply with the conditions of patentability specified by 35 U.S.C. § 101 et seq." (Id. at 5.) After receiving Defendant's Answer, Plaintiff served Defendant with its First Set of Interrogatories and First Set of Requests for Production of Documents. (See ECF Nos. 16-5, 16-6, 47-1.) On February 19, 2013, Plaintiff filed its Answer to Defendant's counterclaims, denying every allegation. (ECF No. 28.)

On January 23, 2013, Defendant filed a Motion to transfer this action to the United States District Court for the District of Utah, pursuant to 28 U.S.C. § 1404(a). (ECF No. 14). On February 11, 2013, Plaintiff filed its Response in Opposition. (ECF No. 24.) On February 13, 2013, Defendant filed a Motion for Leave to File a Reply (ECF No. 26), which the Court granted on February 14, 2013 (ECF No. 27).

On January 30, 2013, Defendant filed a Motion to Stay Discovery and Automatic Deadlines pending the resolution of the Motion to Transfer Venue. (ECF No. 16.) Plaintiff opposed both Motions. (See Certificate of Consultation, ECF No. 16-2; Pl.'s Resp. in Opp'n, ECF No. 24.) Prior to the Court's Order on the Motion to Stay, Plaintiff served Defendant with its Initial Infringement Contentions. (See ECF No. 47-2.) On February 13, 2013, the Court granted Defendant's Motion to Stay. (ECF No. 25.)

On March 18, 2013, the Court denied Defendant's Motion to Change Venue and lifted the stay.  (ECF No. 31.)  On April 1, 2013, Defendant provided Plaintiff with responses to the First Set of Interrogatories and First Set of Requests for Production of Documents.  (See ECF No. 47-3.)  On April 4, 2013, Defendant served Plaintiff with its Initial Non-Infringement Contentions. (See ECF No. 47-4.)

On April 4, 2013, Defendant filed a Petition for inter partes review (the "Petition") with the United States Patent and Trademark Office (the "PTO") challenging "the validity of all the asserted claims" of the '914 patent.  (Def.'s Mot. at 1, ECF No. 36; Petition for Inter Partes Review, ECF No. 36-4.)  In the Petition, Defendant asserted that grounds for challenging the validity of the '914 patent rests on "prior art that was not before the PTO during the initial examination of the '914 [p]atent."  (Def.'s Mem. at 2, ECF No. 36-1; see also ECF No. 36-4 at PageID 279-80.)

On April 5, 2013, Defendant filed a Motion to Stay the instant litigation pending the decision of the PTO on the Petition for inter partes review.  (ECF No. 36.)  Defendant asserted that the instant litigation would be moot should the PTO grant Defendant's requested relief.  (Id. at 1.)  On April 22, 2013, Plaintiff filed its Response in Opposition, arguing, inter alia, that Defendant's "request for a stay is

premature." (Pl.'s Resp. at 2, ECF No. 47.) At that time, the PTO had not yet granted Defendant's petition for inter partes review. (Id.) On May 6, 2013, the Court entered an Order denying Defendant's Motion to Stay as premature because (1) "the PTO has not yet granted Defendant's Petition for reexamination and it is possible that the PTO will never grant Defendant's Petition," (2) "staying the case at this juncture could result in an unnecessary delay . . . if the PTO does not grant reexamination," and (3) "this case is at an early stage of litigation and, as a result, there is little risk of overlap between the instant litigation and the PTO reexamination process." (ECF No. 53 at 3-4.)

On May 2, 2013, the parties exchanged initial disclosures. (ECF Nos. 80 at 4; 80-1.) On May 27, 2013, Defendant served its Initial Invalidity and Unenforceability Contentions. (ECF Nos. 80 at 4; 80-2.) On June 3, 2013, the parties exchanged their Preliminary Identification of Claim Terms to be Construed. (ECF Nos. 80 at 4; 80-3.) On June 19, 2013, Defendant served Plaintiff with its First Set of Interrogatories and Requests for Production of Documents. (ECF Nos. 80 at 4; 80-4.) On June 20, 2013, Plaintiff served its Initial Validity and Enforceability Contentions. (ECF Nos. 80 at 5; 80-5.) On the same day, the Court held a Patent Scheduling Conference, which included a

technology tutorial.  (Minute Entry, ECF No. 67; ECF No. 80 at
4.)

On June 27, 2013, Defendant amended its Preliminary
Identification of Claim Terms to be Construed.  (ECF Nos. 80 at
5; 80-6.)  On June 28, 2013, the parties held a meet-and-confer
regarding their Final Identification of Claim Terms to be
Construed.  (ECF Nos. 80 at 5; 80-7.)  On July 16, 2013, the
parties exchanged their Preliminary Claim Constructions and
Supporting Materials.  (ECF Nos. 80 at 5; 80-8.)  On July 22,
2013, Plaintiff served its Responses to Defendant's First Set of
Interrogatories and Requests for Production of Documents.  (ECF
Nos. 80 at 5; 80-9.)  On August 30, 2013, the parties exchanged
their Final Constructions of the Claim Terms in Dispute and
Supporting Materials.  (ECF Nos. 80 at 5; 80-10.)  On
September 13, 2013, the parties filed their Opening Claim
Construction Briefs.  (ECF Nos. 72, 73, 80 at 5.)

On October 1, 2013, the PTO granted Defendant's petition
and instituted inter partes review of the '914 patent.
(Decision - Institution of Inter Partes Review, ECF No. 74-3.)
On October 4, 2013, Defendant filed the instant Renewed Motion
to Stay Litigation Pending Inter Partes Review.  (ECF No. 74.)
On October 21, 2013, Plaintiff filed its Response in Opposition.
(ECF No. 80.)  On October 28, 2013, Defendant filed a Motion for
Leave to File a Reply (ECF No. 81), which the Court granted on

5

October 28, 2013 (ECF No. 82.)  On October 29, 2013, Defendant

filed its Reply.  (ECF No. 83.)  On October 30, 2013, a

telephonic hearing was held on Defendant's Motion, at which both

parties were represented.  (ECF No. 84.)

## II.  STANDARD

"The decision whether to grant a stay of a particular

action is within the inherent power of the Court and is

discretionary."  Ellis v. Merck & Co., Inc., No. 06-1005-T/AN,

2006 WL 448694 (W.D. Tenn. Feb. 19, 2006) (citation omitted).

"[T]he power to stay proceedings is incidental to the power

inherent in every court to control the disposition of the causes

on its docket with economy of time and effort for itself, for

counsel, and for litigants."  Gray v. Bush, 628 F.3d 779, 785

(6th Cir. 2010) (alteration in original) (quoting Landis v.

North American Co., 299 U.S. 248, 254 (1936)) (internal

quotation marks omitted).

"To determine whether a stay pending inter partes review is

appropriate, courts apply the same factors as determining

whether to stay a case pending reexamination."  Regents of Univ.

of Michigan v. St. Jude Med., Inc., No. 12-12908, 2013 WL

2393340, at *2 (E.D. Mich. May 31, 2013) (citation omitted).  In

determining whether to stay litigation pending patent

reexamination by the PTO, courts generally consider the

following three factors:  "(1) whether a stay would unduly

6

prejudice or present a clear tactical disadvantage to the non-moving party; (2) whether a stay will simplify the issues in question and trial of the case; and (3) whether discovery is complete and whether a trial date has been set." Procter & Gamble Co. v. Team Techs., Inc., No. 1:12-cv-552, 2013 WL 4830950, at *2 (S.D. Ohio Sept. 10, 2013) (quoting Tdata Inc. v. Aircraft Technical Publishers, Nos. 2:03-cv-264, 2:04-cv-1072 (S.D. Ohio Jan. 4, 2008)). "Courts have inherent power to manage their dockets and stay proceedings, including the authority to order a stay pending conclusion of a PTO reexamination." Ethicon Inc. v. Quigg, 849 F.2d 1422, 1426-27 (Fed. Cir. 1988) (citation omitted).

## III. ANALYSIS

Defendant argues that all three factors favor staying this case pending the outcome of the PTO inter partes review. These three factors are addressed in turn.

### A. Undue Prejudice or Clear Tactical Disadvantage

Defendant argues that the inter partes review process will not prejudice Plaintiff. (Def's Mem. at 8, ECF No. 74-1.) First, Defendant asserts that Plaintiff "cannot credibly claim any undue prejudice from the delay of an [inter partes review] proceeding because of its own delay in seeking to enforce its patent rights." (Id.) Defendant asserts that Plaintiff has already caused delay by waiting until December 2012 to file an

infringement suit against Defendant because the '914 patent was

issued in 1998 and Defendant began manufacturing the accused

Nexiva catheter in approximately 2006.  (Id.)  Defendant argues

that although the inter partes review "may cause some

predictable delay, [that] in and of itself, is not reason to

deny a stay pending PTO review."  (Id.)  Defendant asserts that

delay from the inter partes review alone is not itself a reason

to find prejudice against Plaintiff.  (Id. (citing DSW Inc. v.

Shoe Show, Inc., No. 1:11 CV 1797, 2012 WL 2994193, at *2 (N.D.

Ohio July 20, 2012)) (internal quotation marks omitted).)

Second, Defendant contends that Plaintiff cannot "credibly

claim undue prejudice from [Defendant's] continuing to sell the

accused products during a period of stay."  (Id.)  According to

Defendant, Plaintiff does not manufacture a product that

competes with the Accused Products and has not sought a

preliminary injunction in this case.  (Id.)  In support of this

proposition, Defendant cites Semiconductor Energy Lab. Co., Ltd.

v. Chimei Innolux Corp., No. SACV 12-21-JST(JPRx), 2012 WL

7170593, at *4 (C.D. Cal. Dec. 19, 2012), which held that there

was no undue prejudice to the non-moving party in part because

the non-moving party did not seek a preliminary injunction and

the parties were not direct competitors.  Moreover, Defendant

argues that the fact that Plaintiff "seeks to license the '914

8

patent militates against any undue prejudice from granting a stay."  (Def.'s Mem. at 9, ECF No. 74-1.)

Finally, Defendant argues that the inter partes review process will not prejudice Plaintiff and instead will promote litigation efficiency because if the asserted claims of the '914 patent are found invalid by the PTO, "then there is no infringement to adjudicate."  (<u>Id.</u>)

Plaintiff argues that Defendant has "failed to provide a good reason for its significant delay in requesting an [inter partes review], which militates toward a finding that [Defendant] is seeking a tactical advantage in this case." (Pl.'s Resp. at 9, ECF No. 80.)  Plaintiff asserts that Defendant's reason for "trying to remove this case from this Court for the third time is to gain a tactical advantage in this litigation."  (<u>Id.</u> (citation omitted).)

If the case is stayed pending PTO review of the '914 patent, Plaintiff asserts that the delay inherent in the PTO process will cause Plaintiff undue prejudice.  (<u>Id.</u> at 10.)  In support of this assertion, Plaintiff states that the "tactical advantage" that Defendant seeks will cause prejudice to Plaintiff by "causing further delay, increasing costs, and jeopardizing the integrity of evidence and witness testimony." (<u>Id.</u>)  Plaintiff contends that, "[a]t a minimum, Defendant should have filed its petition for [inter partes review] <u>before</u>

seeking a transfer to the District of Utah, a court where the median time for a case to proceed to trial is 41.9 months." (Id.)  In support of this assertion, Plaintiff contends that "[c]ourts have found that '[a] request for reexamination made well after the onset of litigation followed by a subsequent request to stay may lead to an inference that the moving party is seeking an inappropriate tactical advantage.'"  (Id. (quoting Belden Techs. Inc. v. Superior Essex Commc'ns. LP, No. 08-63-SLR, 2010 WL 3522327, at *4 (D. Del. Sept. 2, 2010) (denying a defendant's motion to stay pending inter partes reexamination)).)  Plaintiff also relies on Imagevision.net, Inc. v. Internet Payment Exchange, Inc. in support of this assertion.  (Id. (citing Imagevision.net, Inc. v. Internet Payment Exchange, Inc., No. 12-054-GMS-MPT, 2013 WL 663535, at *5, 2013 WL 663535 (D. Del. Feb. 25, 2013) (report and recommendation from magistrate judge).)

Given that the Petition is granted, the PTO must complete its review within twelve to eighteen months.  See 35 U.S.C. § 316(a)(11); 37 C.F.R. § 42.100(c).  While a stay to allow the inter partes review to proceed will undeniably delay the instant litigation, delay based on the inter partes review process alone is not sufficient to demonstrate undue prejudice to the non-moving party.  See DSW Inc., 2012 WL 2994193, at *2 (citing Allied Erecting & Dismantling Co., Inc. v. Genesis Equip. &

10

Mfg., Inc., No. 4:08CV589, 2010 WL 3239001, at *2 (N.D. Ohio

Aug. 16, 2010)) (discussing delay due to inter partes

reexamination).  To the extent that Plaintiff suffers any

prejudice as a result of the delay, the prejudice is outweighed

by the benefits of the stay, including the benefit of the Court

having the record of the inter partes review proceeding, which

will assist the Court in "reducing the complexity and length of

the litigation."  Lectrolarm Custom Servs., Inc. v. Vicon

Indus., Inc., No. 03-2330 MA/A, 2005 WL 2175436, at *2 (W.D.

Tenn. Sept. 1, 2005).  Finally, while Plaintiff asserts that the

delay will increase the "risk of certain evidence being lost and

will put additional strain on the memories of potential

witnesses with relevant knowledge" (Pl.'s Resp. at 11, ECF No.

80), Plaintiff has not demonstrated that this is more of a

concern in this case than in other cases.

　　　The Court finds Plaintiff's reliance on Belden Technologies

Inc. and Imagevision.net, Inc. inapposite.  In Belden

Technologies Inc., the court found that petitions for inter

partes reexamination were requested seventeen to twenty months

after the plaintiff filed suit for patent infringement and that

the defendant had reveal its desire to stay litigation "a mere

eleven days before trial."  2010 WL 3522327, at *2.  In

contrast, Defendant in the instant case has filed a petition for

inter partes review four months after commencement of the

instant action, and trial is currently set for August 2014.  In

Imagevision.net, Inc., the defendant requested inter partes

reexamination almost five months after plaintiff initiated the

action and filed a motion to stay three months after it answered

the complaint.  The Imagevision court found that "[d]espite the

timing of the reexamination and stay requests, they do not

indicate an attempt to gain a tactical advantage, particularly

in light of the average time of approximately four to six months

for a scheduling order to be issued in patent matters."  2013 WL

663535, at *5. Similarly, this Court finds that the timing of

Defendant's petition four months after the filing of the

Complaint and timing of Defendant's stay requests does not

indicate an attempt to gain a tactical advantage.

Accordingly, the Court finds that this factor weighs in

favor of granting a stay.

## B.    Simplification of Issues

Defendant argues that staying this case pending a final

written decision of the '914 patent from the Patent Trial and

Appeal Board will simplify the issues at trial and preserve

judicial resources.  (Def.'s Mem. at 10, ECF No. 74-1.)

Defendant states that the "PTO granted [Defendant's] [inter

partes review] petition as to each and every one of

[Plaintiff's] asserted claims."  (Id.)  As such, "a stay will

avoid wasting the Court's (and parties') resources in the event

that the Patent Trial and Appeals Board ("PTAB") invalidates the asserted claims."  (Id.)  Moreover, Defendant contends "the PTAB's findings will simplify any subsequent litigation regardless of whether the asserted claims are ultimately invalidated."  (Id.)

Defendant argues that "there is a strong likelihood that at least some of the '914 patent claims subject to [inter partes review] will be invalidated or amended."  (Id. at 11)  In support of this hypothesis, Defendant asserts that under the old inter partes reexamination process, claims were "cancelled or narrowed . . . in 82% of the reexaminations" as of September 30, 2012.  (Id. at 11 (citing U.S. Patent & Trademark Office, Inter Partes Reexamination Filing Data – Sept. 30, 2012, available at http://www.uspto.gov/patents/stats/inter_parte_historical_stats_ roll_up_EOY2012.pdf).)  Defendant also cites to one district court's discussion finding that "'[i]f the PTO cancelled at least some of the challenged claims in 89% of inter partes reexaminations, it seems likely that this percentage will be higher in inter partes reviews, because the inter partes review requests granted by the PTO must satisfy a more restrictive standard.'"  (Id. at 11-12 (quoting Universal Elecs., Inc. v. Univ. Remote Control, Inc., No. SACV 12-00329 AG(JPRx) 2013 WL 1876459, at *4 (C.D. Cal. May 2, 2013)).)

13

Finally, Defendants assert that the stay will preserve judicial resources because Defendants will not be able to offer any argument to this Court that "it raised or reasonably could have raised" in the inter partes review, thus narrowing the scope of this litigation.  (Id. at 12.)

Plaintiff argues that inter partes review will not simplify the issues in this case because the following issues in this case cannot be addressed by the PTO process:  "(1) [Plaintiff's] claim for infringement and damages; (2) [Defendant's] defenses under 35 U.S.C. §§ 101 and 112; and (3) [Defendant's] equitable defenses, such as laches, estoppel, license and waiver."  (Pl.'s Resp. at 12, ECF No. 80.)  Plaintiff further argues that Defendant's claim that "at least some of the '914 patent claims . . . will be invalidated or amended" is highly speculative and does not demonstrate that the issues before the Court will be simplified.  (Id. at 13 (quoting ECF No. 74-1 at 11).)

Plaintiff's argument is unavailing.  Given that review is granted, the fact that some "claims may survive without amendment does not mean that the issues will not be significantly streamlined."  Progressive Cas. Ins. Co. v. Safeco Ins. Co. of Ill., Nos. 1:10CV01370, 1:11CV00082, 1:12CV01068, 1:12CV01070, 2013 WL 1662952, at *5 (N.D. Ohio Apr. 17, 2013).  Amendment of any claim could impact the litigation presently before the Court, and a "majority of patents which have been

14

reexamined have either had all claims canceled or changes made
to the claims." DSW Inc., 2012 WL 2994193, at *2.  Even if all
claims are confirmed by the PTO, the record of the inter partes
review will assist this Court in reducing the length and
complexity of this litigation and will limit what issues are
left to be resolved by this Court.  See Lectrolarm, 2005 WL
2175436, at *2-3; Ralph Gonnocci Revocable Living Trust v. Three
M Tool & Mach., Inc., No. 02-74796, 2003 WL 22870902, at *2
(E.D. Mich. Oct. 7, 2003).

Accordingly, the Court finds that this factor weighs in
favor of granting a stay.

### C.   Stage of Litigation

Defendant argues that staying this case pending a final
determination of the '914 patent by the PTAB is warranted
because "there is considerable risk of overlap between the
litigation and the PTO proceedings if the case is not stayed."
(Def.'s Mem. at 13, ECF No. 74-1.)  Defendant states that "the
PTO provided claim constructions of select terms, which overlap
with terms proposed to the Court for construction."  (Id.)
According to Defendant, the inter partes review proceeding "will
create important file history evidence to be considered by the
Court if the asserted claims remain viable after [inter partes
review] and the Court engages in claim construction."  (Id.)
Defendant asserts that the "PTO will likely render a decision on

15

the validity of the asserted claims shortly after trial, which,
if the claims were held invalid in the [inter partes review],
could moot the results of the trial."  (Id.)

As to the status of the case, Defendant argues, inter alia,
that "the parties have engaged in some discovery" and that "[n]o
depositions have yet been noticed."  (Id.)  Defendant asserts
that courts have granted stays pending inter partes review in
cases at later stages of litigation than the present case.  (Id.
at 13-14); see, e.g., Software Rights Archive, LLC v. Facebook,
Inc., Nos. C-12-3970 RMW, C-12-3971 RMW, C-12-3972 RMW, 2013 WL
5225522, at *3 (N.D. Cal. Sept. 17, 2013) (granting stay where
the plaintiff had produced over 150,000 pages of documents,
propounded interrogatories, and served preliminary infringement
contentions and invalidity contentions);  Semiconductor Energy,
2012 WL 7170593, at *3 (granting a motion to stay pending inter
partes review, where the inter partes review petition was filed
ten months after the complaint was filed and three to four
months after infringement contentions were filed).

Plaintiff argues that the stage of this proceeding weighs
against a stay because "[t]his case has been heavily litigated."
(Pl.'s Resp. at 14, ECF No. 80.)  In support of its position,
Plaintiff argues that "[c]ourts have denied requests for a stay
when, as in this case, the litigation has progressed

16

significantly toward trial, particularly when claim construction

efforts are well underway."  (Id. (citations omitted).)

Plaintiff states that "[t]he parties have been litigating

for over ten months."  (Id. at 15.)  During that time, the

parties have exchanged significant discovery; nearly 15,000

pages of documents have been produced.  (Id. at 14-15.)  The

parties have also exchanged Initial Infringement Contentions,

Initial Non-Infringement Contentions, Validity and

Enforceability Contentions, and Invalidity and Unenforceability

Contentions.  (Id. at 15.)

Plaintiff states that the parties have held their Rule

26(f) Scheduling Conference and their Local Patent Rule 2.1(b)

Planning Meeting.  (Id.)  Plaintiff also notes that the Court

has held a Patent Scheduling Conference, which included a

technology tutorial. (Id.)  Moreover, "claim construction is

fully briefed and set for resolution."  (Id. at 14-15 (citing

ECF Nos. 72, 73, 77, 78).)

The Court does not agree with Plaintiff that a stay in this

case is inappropriate.  First, Defendant has asserted specific

prior art that it says was not considered by the PTO when it

originally assessed the '914 patent application.  If it is true

that this prior art was not previously considered by the PTO,

Defendant has a reasonable likelihood of success on either

invalidating or amending Plaintiff's claims.  Second, the PTO

17

must issue a final determination, at the latest, within twelve

months granting the petition for inter partes review.  See 35

U.S.C. § 316(a)(11); 37 C.F.R. § 42.100(c).  Accordingly, the

Court finds that a stay would not be inappropriate in this case.

In summary, all of the relevant factors favor staying this

case pending a final written decision on the inter partes review

of the '914 patent.

**IV.   CONCLUSION**

For the foregoing reasons, Defendant's Motion to Stay (ECF

No. 74) is GRANTED.  All proceedings are hereby STAYED pending a

final written decision from the PTAB.  The parties are also

ORDERED to file the final written decision of the PTAB within

three (3) days of issuance, and the parties are further ORDERED

to submit a proposed amended expedited scheduling order within

ten (10) days of the PTAB's final written decision.

The parties may move for a lift of the stay for good cause

prior to the completion of inter partes review by the PTO.

**IT IS SO ORDERED** this 12th day of November, 2013.


/s/ Jon P. McCalla
JON P. McCALLA
U.S. DISTRICT JUDGE